**In re Philip Elliot RUDNICK, Debtor.**

**No. 95–17515–RS.**

United States Bankruptcy Court,
D. Massachusetts.

Jan. 30, 2006.

Gayle P. Ehrlich, Sullivan & Worcester LLP, Boston, MA, for Pamela Pendias.

Christopher Condon, for Chapter 7 Trustee.

David Baker, for debtor.

### MEMORANDUM OF DECISION ON MOTION OF PAMELA PENDIAS FOR STAY PENDING APPEAL

ROBERT SOMMA, Bankruptcy Judge.

Pamela Pendias has moved for a stay pending appeal of this Court's order allowing the Application of the Chapter 7 Trustee, Joseph Braunstein, to Renew the Employment of Hammond Residential as Real Estate Broker. In particular, she seeks to stay that portion of the order under which the Court required, as a term of employment, the payment to the broker of a five percent commission should Ms. Pendias be the successful buyer. It is from this latter part of the order that Ms. Pendias has filed a notice of appeal, and it is this provision that she asks be stayed.

The real property in question is scheduled to be sold at a sale hearing to be held before this Court on February 17, 2006. The property is Ms. Pendias's residence in Brookline, Massachusetts. She and the Debtor, her former husband, are co-owners of the property.[1] Upon his bankruptcy

---

1. When the Debtor filed his bankruptcy petition, the property could not be sold because the couple's divorce judgment prohibited any sale until after the youngest trial reached a certain age. It also required that upon that child's reaching that age, the property would be sold and the proceeds divided between the Debtor and Pendias according to the divorce decree. This bankruptcy case has been pending for over ten years largely because the Trustee (and creditors) had to suffer this pas-

filing, his interest became an asset of his bankruptcy estate; and by virtue of an earlier judgment of this Court, the Chapter 7 Trustee has obtained authority under 11 U.S.C. § 363(h) to sell both the estate's interest and Ms. Pendias's interest together. Without the intervention of any broker, Ms. Pendias long ago made an offer to the Trustee to purchase the estate's interest in the property at a certain price, and (I understand) that offer has remained open. Now, through the broker, the Trustee has received a second offer, this time for the whole of the property and at a higher price.[2] Faced with this higher offer, Ms. Pendias has indicated (though not yet formally) an intention to exercise her right of first refusal as to the property; under 11 U.S.C. § 363(i), she may purchase the property at the price at which such sale would otherwise be consummated.[3] She contends that no commission should be payable from a sale of the estate's interest under § 363(i) to her. And, more to the point, she further contends that this provision (if not annulled on appeal) would materially harm her, as a prospective purchaser under § 363(i), by effectively raising the price she would have to pay in order to match the third-party offer. But for this provision, she contends, she could offer five percent less than the third-party offeror and still be offering the same net return to the estate—and, she maintains, thereby satisfying § 363(i). She states that a sale to a third-party

purchaser would displace her from her home of over twenty years, but she does not say that the price differential would be prohibitive to her.

Ms. Pendias is unclear about precisely what she seeks to stay by this motion: whether payment of the broker's fee from the sale proceeds, or the sale itself. She does not expressly ask to stay the sale, but (by her reasoning) no sale can occur without a final determination of the price Ms. Pendias must pay in order to acquire the estate's interest through § 363(i) and thus preempt a sale to the third-party offeror. I therefore construe this motion as one to stay the sale.

The Court has received two objections to the motion. The Debtor objects on the basis that Ms. Pendias has no likelihood of succeeding on appeal.[4] And the Chapter 7 Trustee objects, principally on the basis that a delay in the sale of the property would likely result in loss of the third-party offer and thus cause substantial harm to the Debtor's estate. He also contends (without elaboration) that Pendias would suffer no irreparable harm from implementation of the order at issue, and that her appeal from the order lacks merit. On Pendias's request and the Debtor's assent, this Court has taken this motion under advisement without a hearing, in order to expedite the adjudication of the motion.

Considering first the likelihood that Ms. Pendias will succeed on appeal, the Court

sage of time before liquidating the Debtor's considerable equity in the property.

2. That is to say, the price would yield more for the estate after distribution to Ms. Pendias of her share of the equity. It is more than double what Ms. Pendias has offered for the Debtor's half interest.

3. Effectively, this would require that she pay half the price of the offer she is matching. Unlike the third-party offeror, she would be purchasing not the whole of the property but

the Debtor's one-half interest. Any commission payable to the broker under the order being appealed from would be based on the price she pays for the one-half interest.

4. The Debtor has considerable equity in the property and therefore has standing to be heard. After sale of the estate's interest in the property and satisfaction of all remaining claims against the estate, the Trustee anticipates a substantial distribution to the Debtor.

concludes that she is unlikely to prevail. The broker had no role in producing Ms. Pendias's original offer and would have no rightful claim to a commission on a sale in acceptance of that offer. But a sale to Pendias under § 363(i) is a different story. Here, Pendias cannot rest on her original offer but must match a higher offer from a third-party purchaser whom the broker *did* produce. An offer from Pendias under § 363(i) is in fact an offer generated by the broker's intervention. Moreover, the commission payable on a sale to Pendias would be payable on a smaller purchase: because Pendias would be purchasing only the Debtor's one-half interest, and not the whole of the property, the dividend payable on that sale would effectively be half the dividend payable on a sale to a third-party purchaser. These terms are reasonable and fair; the Trustee was well within his sound business judgment in asking for them; and it is most unlikely that the Court could be deemed to have abused its discretion in approving them.

Second, Ms. Pendias has not demonstrated that she would be irreparably harmed if the order were not stayed pending appeal. She has not alleged that the difference in sale price is prohibitive to her. She may not be the successful purchaser, but if she is not, the cause is unlikely to be the order that is the subject of this motion. And, if she is the successful purchaser and prevails on appeal, the estate will have substantial net proceeds from which to remit to her an adjustment of the purchase price, should the disposition on appeal so require.

Third, the Trustee is correct in pointing out that, should the sale be stayed, the estate would likely lose the offer and a substantial measure of the equity it would generate. Ms. Pendias has not offered to post a bond or other security to protect the estate against this loss. The estate therefore faces a substantial likelihood of irreparable harm from stay of the sale.

For these reasons, I am well satisfied that neither the sale nor any part of the implementation of the order appealed from should be stayed pending the appeal. A separate order will enter denying the motion.